UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WEST 20TH ENTERPRISES CORP. and
SELIM ZHERKA,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK,

                Defendant.

-------------------------------------------------------x

**ORIGINAL**

**JUDGE KARAS**

07 Civ. ( )

**COMPLAINT**

**Jury Trial Demanded**

# 07 CIV. 8052

Plaintiffs WEST 20TH ENTERPRISES CORP. and SELIM ZHERKA, by their

attorneys Lovett & Gould, LLP, for their complaint respectfully state:

## NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and

injunctive relief, proximately resulting from Defendant's violation of Plaintiffs' rights as

guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42

U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## THE PARTIES

3. Plaintiff WEST 20TH ENTERPRISES CORP., a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York, owns and operates an upscale gentlemen's nightclub (The VIP Club, hereinafter referred to as the "Club") at 20 West 20th Street between Fifth and Sixth Avenues in New York County, City of New York. In connection with that business operation Plaintiff employs females who, for purposes of expressive entertainment for the Club's clientele, dance topless. The Club conforms to all code requirements of the Defendant City.

4. Plaintiff SELIM ZHERKA is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is a principal of West 20th Enterprises Corp. and as such has a property and pecuniary interest in both that corporation and the Club's continued operation.

5. Defendant CITY OF NEW YORK is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

6. Commencing approximately six months ago Defendant implemented a plan, approved by the executive branch of the City's administration, calculated to coerce the Club's cessation of business solely because of its employment of topless dancers, and in that connection to purposefully deprive Plaintiffs' of their property rights and pecuniary interests in the Club.

7. In furtherance of the plan and at the direction of the City's Police

Commissioner approximately dozens of police officers (in marked police cars, on horseback and on foot) have routinely been assigned to 20th Street at Sixth (and occasionally Fifth) Avenue on Wednesdays, Thursdays, Fridays and Saturdays from approximately 11:30 P.M. to 4:00 A.M. for the specific objectives of: i) closing 20th Street to all vehicular traffic between Fifth and Sixth Avenues; ii) preventing the Club's clientele from safely accessing and/or departing the Club by motor vehicle (taxi, limousine and/or privately owned automobile); iii) prohibiting the Club's female employees from safely accessing the Club by motor vehicle (and parking their vehicles in a parking lot on 20th Street in immediate proximity to the Club) and obligating them to park blocks away from the Club during nighttime hours when the surrounding neighborhood is substantially deserted and dangerous; and iv) preventing the owners of the Club from safely accessing its premises by motor vehicle and using the adjacent parking lot and obligating them to park blocks away from the Club on deserted and dangerous streets.

       8. As a proximate result of the Defendant's plan and the steps taken in furtherance of it:

     a.   The number of clientele frequenting the Club has dropped precipitously,

     b.   Many of the female dancers have refused to report to work because of the safety risks to which Defendant's conduct has subjected them,

     c.   The Club's revenues have dropped dramatically - - and at the present have been reduced by the Defendant's conduct approximately $100,000 per month, and, *inter alia*,

d. Plaintiffs' ownership interest and financial interest have been critically and adversely impacted, a circumstance that if not curtailed by the Court, will force Plaintiffs' cessation of business.

9. Nightclubs in New York County, otherwise identical to the Club except for the absence of topless dancers, have not been similarly targeted for coerced closure by the Defendant.

**AS AND FOR A FIRST CLAIM**

10. Repeat and reallege as if fully set forth the allegations of paragraphs "1" to "9", inclusive.

11. Under the premises Defendant's conduct violates Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

**AS AND FOR A SECOND CLAIM**

12. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

13. Under the premises Defendant's conduct violates Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

**AS AND FOR A THIRD CLAIM**

14. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "9", inclusive.

15. Under the premises Defendant's conduct violates Plaintiffs' right to Due

Process as guaranteed by the Four Amendment to the United States Constitution, 42

U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a.  Awarding a minimum of $20,000,000 in compensatory damages or

such greater amount of compensatory damages as the jury may

determine,

b.  Declaring that Defendant's conduct violated Plaintiffs' rights as

guaranteed by the First and Fourteenth Amendments,

c.  Permanently enjoining Defendant's conduct,

d.  Awarding against reasonable attorney's fees and costs, and

e.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, New York
       September 10, 2007

LOVETT & GOULD, LLP
Attorneys for Plaintiffs
By:
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401